T.C. Memo. 2002-135


UNITED STATES TAX COURT


GENE AND CIAO NEWMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5695-01L.                    Filed May 30, 2002.


Gene and Ciao Newman, pro sese.

<u>Wendy S. Harris</u> and <u>Karen Lynne Baker</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court

on respondent's Motion For Summary Judgment And To Impose A

Penalty Under I.R.C. Section 6673, as supplemented.[1]  Respondent

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

contends that there is no dispute as to any material fact with respect to this lien and levy action and that respondent's determination to proceed with collection of petitioners' outstanding tax liabilities for the taxable years 1993 through 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter

of law.  Accordingly, we shall grant respondent's motion for summary judgment.

Background

A.  Petitioners' Tax Returns

1.  Taxable Years 1993 and 1994

Petitioner Gene Newman (petitioner) failed to file Federal income tax returns for the taxable years 1993 and 1994.  The record shows that respondent prepared substitutes for returns for petitioner for the taxable years 1993 and 1994.  See sec. 6020(b).

2.  Taxable Years 1995, 1996, and 1997

On or about April 15, 1996, April 15, 1997, and April 15, 1998, petitioners Gene and Ciao Newman (petitioners) submitted to respondent a joint Form 1040, U.S. Individual Income Tax Return, for each of the taxable years 1995, 1996, and 1997, respectively. On petitioners' Form 1040 for 1996, which form is representative of petitioners' Forms 1040 for all 3 taxable years, petitioners entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for wages, line 9 for dividends, line 22 for total income, and lines 31 and 32 for adjusted gross income.  Petitioners also entered a zero on line 38 for tax and a zero on line 51 for total tax.  Petitioners then claimed a refund equal to the amount of Federal income tax that had been withheld from their wages.

Petitioners attached to their Forms 1040 for 1995, 1996, and 1997 various Forms W-2, Wage and Tax Statements, disclosing the payment of wages to petitioners during the taxable years in issue. By way of example, petitioners attached three Forms W-2 to their Form 1040 for 1996. The first Form W-2 for 1996 was from Leonard's Machine Shop in Sparks, Nevada; it disclosed the payment of wages to petitioner in the amount of $10,788.69 and the withholding of Federal income tax in the amount of $174.29. The second Form W-2 for 1996 was from Northern Nevada Tool & Die, Inc. in Reno, Nevada; it disclosed the payment of wages to petitioner in the amount of $23,953.47 and the withholding of Federal income tax in the amount of $692.04. The third Form W-2 for 1996 was from Chemex Labs, Inc., in Sparks, Nevada; it disclosed the payment of wages to petitioner Ciao Newman in the amount of $23,152.75 and the withholding of Federal income tax in the amount of $516.15.

Petitioners also attached to their Forms 1040 for 1995, 1996, and 1997 a typewritten statement. The typewritten statement that petitioners attached to their Form 1040 for 1996, which statement is essentially identical to the statements that petitioners attached to their other Forms 1040, stated, in part, as follows:

> We are submitting this statement as part of our
> 1996 income tax return.

Even though we know that no section of the Internal Revenue Code:

1) established an income tax "liability" * * * ;

2) provides that income taxes "have to be paid on the basis of a return" * * * .

* * * * * * *

In addition to the above, we are filing even though:

3. The "Privacy Act Notice" that the face of this return directs us to, states that we need only file a return for "any tax" we may be "liable" for, and since no Code section makes us "liable" for income taxes, this Notice notifies us that we do not have to file an income tax return.

* * * * * * *

It should also be noted that we had "zero" income according to the Supreme Court's definition of income * * * .

The word "income" is not defined in the Internal Revenue Code * * * but, as stated above, it can only be a derivative of corporate activity.

B.  Respondent's Deficiency Notices and Petitioners'

Responses

On May 4, 1998, respondent issued two notices of deficiency to petitioner Gene Newman (petitioner).  In the first notice, respondent determined a deficiency in the amount of $2,036 in petitioner's Federal income tax for 1993 and an addition to tax under section 6651(a)(1) in the amount of $475.  In the second notice, respondent determined a deficiency in the amount of $1,781 in petitioner's Federal income tax for 1994 and an

addition to tax under section 6651(a)(1) in the amount of $440. The deficiencies in income tax were based on respondent's determination that petitioner failed to report wage income, unemployment compensation, and tip income.

On July 6, 1998, respondent received a letter (postmarked June 26, 1998) from petitioner acknowledging receipt of the notices of deficiency dated May 4, 1998, and challenging their validity. Petitioner did not file a petition for redetermination with the Court challenging the notices of deficiency dated May 4, 1998.

On September 11, 1998, respondent issued two joint notices of deficiency to petitioners. In the first notice, respondent determined a deficiency in the amount of $4,984 in petitioners' Federal income tax for 1995 and an accuracy-related penalty under section 6662(a) in the amount of $871. In the second notice, respondent determined a deficiency in the amount of $8,030 in petitioners' Federal income tax for 1996 and an accuracy-related penalty under section 6662(a) in the amount of $1,346. The deficiencies in income tax were based on respondent's determination that petitioners failed to report wage income (1995 and 1996), unemployment compensation (1995), and a distribution from an IRA (1996).

On November 13, 1998, respondent received a letter (dated November 8, 1998) from petitioners acknowledging receipt of the notices of deficiency dated September 11, 1998, and challenging their validity. Petitioners did not file a petition for redetermination with the Court challenging the notices of deficiency dated September 11, 1998.

On March 12, 1999, respondent issued a joint notice of deficiency to petitioners. In the notice, respondent determined a deficiency in the amount of $12,049 in petitioners' Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) in the amount of $1,899.31. The deficiency in income tax was based on respondent's determination that petitioners failed to report wage income, interest and dividends, capital gain, and an IRA distribution.

On April 9, 1999, respondent received a letter (dated March 25, 1999) from petitioners acknowledging receipt of the notice of deficiency dated March 12, 1999, and challenging its validity. Petitioners did not file a petition for redetermination with the Court challenging the notice of deficiency dated March 12, 1999.

Respondent subsequently made assessments against petitioners for the deficiencies, additions to tax, and accuracy-related penalties determined in the above-described notices of deficiency. Respondent also made assessments against petitioners for statutory interest. On the same day that the assessments

were made, respondent issued to petitioners notices of balance due informing petitioners that they owed taxes for the years in question and requesting that they pay such amounts. Petitioners failed to pay the amounts owing.

C. Respondent's Collection Notices and Petitioners' Response

On August 14, 2000, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of his outstanding tax liabilities for 1993 and 1994. Also on August 14, 2000, respondent mailed to petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of petitioners' joint tax liabilities for 1995, 1996, and 1997.

On August 22, 2000, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 in respect of his tax liabilities for 1993 and 1994. Also on August 22, 2000, respondent mailed to petitioners a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 in respect of petitioners' joint tax liabilities for 1995, 1996, and 1997. These two notices were sent to petitioners in respect of notices of Federal tax lien that respondent filed on August 17, 2000, with the County Recorder for Washoe County, Nevada.

On September 11, 2000, petitioners filed with respondent Form 12153, Request for a Collection Due Process Hearing. The request included, inter alia, a challenge to the existence of petitioners' underlying tax liabilities for 1993 through 1997 on the ground that petitioners were never provided with a valid notice of deficiency or notice and demand for payment. Petitioners also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the taxes in dispute.

### D. The Appeals Office Hearing

On January 30, 2001, petitioners attended an administrative hearing conducted by Appeals Officer Donna Fisher. At the hearing, the Appeals officer provided petitioners with Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters for the years 1993 through 1997. During the hearing, petitioners requested that the Appeals officer identify the statutory provisions establishing petitioners' liability for Federal income taxes and provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process. Petitioners were informed that the Forms 4340 provided to them were sufficient to satisfy the verification requirement of section 6330(c)(1). The Appeals officer terminated the hearing after petitioners declined to

discuss collection alternatives.

E.  Respondent's Notices of Determination

On April 2, 2001, respondent's Appeals Office issued to petitioner separate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liabilities for 1993 through 1997.  In the notices, the Appeals Office stated that respondent's determination to proceed with collection by way of levy should be sustained and that the filing of the notices of Federal tax lien was appropriate.

Also on April 2, 2001, respondent's Appeals Office issued to petitioner Ciao Newman a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to her tax liabilities for 1995 through 1997.  In the notice, the Appeals Office stated that respondent's determination to proceed with collection by way of levy should be sustained and that the filing of the notice of Federal tax lien was appropriate.

F.  Petitioners' Petition and Motion To Dismiss

On April 30, 2001, petitioners filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notices of determination.[2]  The petition includes the following allegations:  (1) The Appeals officer failed to obtain

_____

[2]  At the time that the petition was filed, petitioners resided in Reno, Nevada.

verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioners liable for Federal income taxes; and (3) petitioners were denied the opportunity to challenge (a) the appropriateness of the collection action, and (b) the existence or amount of their underlying tax liabilities.

Concurrently with the filing of their petition, petitioners filed a Motion to Dismiss for Lack of Jurisdiction in which they asked the Court to "declare invalid the 'Determination' at issue, since the appeals officer issued the 'Determination' without conducting the CDP hearing as requested by petitioner according to law." Petitioners attached to their motion a Memorandum of Law in which they repeated many of the allegations in the petition. Petitioners also alleged:

> there is no Code Section that authorizes IRS employees
> to attribute to petitioners more taxes then [sic] they
> reported on their tax returns. Since income taxes are
> based on "self-assessment," petitioners can only owe in
> taxes, the amount reported on their tax returns, which,
> in this case, were correctly reported as "zero."

By Order dated August 27, 2001, the Court denied petitioners' motion to dismiss.

G. Respondent's Motion for Summary Judgment

As stated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673. Respondent contends that petitioners are barred under section 6330(c)(2)(B)

from challenging the existence or amount of their underlying tax liabilities in this proceeding because petitioners received notices of deficiency for the taxes in question. Respondent also contends that the Appeals officer's review of the Forms 4340, which forms were provided to petitioners during the Appeals Office hearing, satisfied the verification requirement of section 6330(c)(1). Finally, respondent contends that petitioners' behavior warrants the imposition of a penalty under section 6673.

Petitioners filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Following the hearing, respondent filed a supplement to his motion, and petitioners filed a Supplemental Objection and a Response to respondent's motion, as supplemented.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien.  Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if

dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioners argue that the assessments made against them are invalid because respondent failed to demonstrate that petitioners are subject to the Federal income tax.  Petitioners' argument fails for two reasons.  First, there is no dispute in this case that petitioners received notices of deficiency with regard to the years in issue and that they ignored the opportunity to file

a petition for redetermination with this Court. See sec. 6213(a). Under the circumstances, section 6330(c)(2)(B) bars petitioners from challenging the existence or the amount of their underlying tax liabilities for the years 1993 through 1997 in this collection review proceeding.

In addition to the bar imposed by section 6330(c)(2)(B), petitioners' arguments that they are not subject to the Federal income tax are frivolous and groundless. See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Suffice it to say that petitioners are taxpayers who are subject to the Federal income tax on their wages and other sources of income. See secs. 1(a), (d); 61(a)(1), (3), (4), (7), (11); 72; 85; 408(d); 7701(a)(1), (14).

Petitioners next argue that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We reject petitioners' argument because the record establishes that the Appeals officer obtained and reviewed transcripts of account (Forms 4340) for petitioners'

taxable years 1993 through 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. ___ n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the transcripts of account on which the Appeals officer relied, and which she furnished to petitioners during the hearing, contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[3]

---

[3] In their motion to dismiss, see supra p. 11, petitioners alleged that the Appeals officer did not provide them with a copy of the verification. We note that sec. 6330(c)(1) does not
(continued...)

We likewise reject petitioners' assertion, first raised during the Appeals Office hearing, that they never received a notice and demand for payment for the amounts in dispute.  In particular, during the Appeals Office hearing, petitioners argued that a notice of balance due does not constitute a notice and demand for payment.

The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.

The transcripts of account that the Appeals officer provided to petitioners during the Appeals Office hearing show that respondent issued to petitioners notices of balance due on the same date that respondent made assessments against petitioners for the taxes, additions to taxes, and penalties in dispute in this case.  We hold that such notices of balance due constitute notices and demand for payment within the meaning of section 6303(a).  See, e.g., Hughes v. United States, 953 F.2d 531, 536

---

[3](...continued)
require the Appeals officer to provide the taxpayer with a copy of the verification at the administrative hearing. Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  In any event, as stated above, the Appeals officer did, in fact, provide petitioners with Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters for the years 1993 through 1997.

(9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 40-41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection actions, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a justiciable issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notices of determination dated April 2, 2001.

<u>B.  Imposition of a Penalty Under Section 6673</u>

We turn now to that part of respondent's motion that moves for the imposition of a penalty under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, <u>Roberts v. Commissioner</u>, 118 T.C. ___ (2002) (imposing a penalty in the amount of $10,000); <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500).

We are convinced petitioners instituted the present proceeding primarily for delay. In this regard, it is clear that petitioners regard this proceeding as nothing other than as a vehicle to protest the tax laws of this country and to espouse their own misguided views, which we regard as frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $1,000.

In order to give effect to the foregoing,

<u>An order granting respondent's motion, as supplemented, and decision for respondent will be entered</u>.