**Leonard RAY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CVVS030284KJDLRL.

United States District Court, D. Nevada.

July 29, 2003.

Leonard Ray, Las Vegas, NV, for Plaintiff.

Daniel Bogden, U.S. Attorney's Office, Reno, NV, Virginia Lowe, U.S. DOJ—Tax Division, Washington, DC, for Defendant.

## ORDER

DAWSON, District Judge.

Presently, the Court has before it Defendant's Motion to Dismiss (# 8). Plaintiff has filed a response in opposition (# 10).

### I. Background

In his complaint, Plaintiff alleges that the Internal Revenue Service ("IRS") improperly determined that the collection action against him would be an appropriate action. Plaintiff argues that the determination Defendant issued on February 20, 2003, was in violation of the law. The collection activity at issue is a frivolous return penalty the IRS assessed against Plaintiff for the 2000 tax year. Despite the fact that he received income for the year, Plaintiff filed a federal income tax return with zeros on all the lines which reflected amounts of income earned or taxes due. Courts, however, have found that arguments in favor of "zero" returns, such as no applicable statutory income tax liability or wages not constituting income, are patently without merit. See Sisemore v. United States, 797 F.2d 268, 270 (6th Cir. 1986); Newman v. Comm'r, 83 T.C.M. (CCH) 1757 (2002). Accordingly, the IRS assessed a $500 penalty pursuant to 26 U.S.C. § 6702.

The IRS sent Plaintiff a "Final Notice– Notice of Intent to Levy and Notice of Your Rights to a Hearing" notifying him of his right to appeal the IRS's levy. Plaintiff timely filed the requisite Form 12153 "Request for a Collection Due Process Hearing" ("CDP Hearing"). On January 3, 2003, the IRS held the requested CDP Hearing, which Plaintiff attended. Subsequently, on February 20, 2003, the IRS Appeals Office sent a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" informing Plaintiff that the proposed collection action, a levy, should continue unrestricted. Plaintiff timely filed the instant complaint seeking to set aside the IRS's determination. Defendant has now filed a motion to dismiss.

### II. Analysis

In reviewing a Rule 12(b)(6) motion, the Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir.2000). Review is limited to the contents of the complaint. See Sprewell v. Golden State Warriors, 231 F.3d 520, 527 (9th Cir.2000). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See id. at 528. If matters outside the pleadings are considered, the court should treat the motion as one for summary judgment. See Fed.R.Civ.P. 12(c).

The main issue before this Court is whether the IRS Appeals Office met all requirements of applicable law and administrative procedures when making its determination that the collection action against Plaintiff would be appropriate. A review of the complaint and moving papers indicates that the Defendant met all the administrative collection actions set forth in 26 U.S.C. § 6330:(1) Plaintiff timely re-

ceived a notice of levy and requested a CDP hearing; (2) Plaintiff attended his CDP Hearing with an appeals officer who had no prior involvement with the subject tax liability; (3) the Appeals Office obtained Form 4340 from the IRS which serves as verification that the requirements of any applicable laws or administrative procedures were met; (4) Plaintiff raised no relevant issues or appropriate defenses pertaining to the proposed collection action and offered no feasible collection alternatives; (5) at the Hearing, Plaintiff challenged the liability for the penalty and whether the return filed was frivolous, arguments determined to be without merit by the appeals officer; and (6) in the attachment to the final determination, the appeals officer stated that the Secretary has provided sufficient verification that the requirements of all applicable laws and administrative procedures have been met.

In both his complaint and opposition to Defendant's motion to dismiss, Plaintiff raised the same meritless arguments that other individuals have previously raised before this Court in challenging the assessment of the frivolous return penalty. For example, these arguments typically include: (1) the IRS's failure to produce evidence of any delegated authority from the Secretary of Treasury to the various IRS employees invalidates the letters and notices these employees sent; (2) the IRS never produced a document supporting imposition of the penalties at issue; (3) no Treasury Department regulation requires that an individual pay the penalties at issue; (4) no statute establishes an underlying liability for the income tax to which the penalties relate; (5) Plaintiff never received the required statutory Notice and Demand for payment with regard to the penalties at issue; and (6) the IRS failed to produce the verification from the Secretary of Treasury that the requirement of any applicable law or administrative procedure have been met in accordance with 26

U.S.C. § 6330. For the reasons stated in the Orders dismissing these other cases, Plaintiff's arguments in his complaint and opposition are patently meritless. *See Carrillo v. United States,* No. CV–S–02–0353–KJD (LRL), Order (# 14), 2003 WL 1908406, at *5–7 (D.Nev. March 12, 2003); *Wahl v. United States,* No. CV–S–02–0239–KJD (RJJ), Order (# 14) dated Jan. 31, 2003, at *7–9; *Carini v. United States,* No. CV–S–02–0169–KJD (RJJ), Order (# 11) dated Dec. 2, 2002, at 5–7; *Caldwell v. United States,* CV–S–02–0045–KJD (PAL), Order (# 16) dated Feb. 5, 2003, at 5–7; *Ordunez v. United States,* No. CV–S–02–0033–KJD (LRL), Order (# 23) dated Feb. 3, 2003, at 4–7; *Samlaska v. United States,* No. CV–S–01–1237–KJD (PAL), Order (# 17), 2002 WL 31409619, dated July 31, 2002, at 6–8; *Waller v. United States,* No. CV–S–01–1190–KJD (PAL), Order (# 11), 2002 WL 31476649, at *4–7 (D.Nev. Aug. 7, 2002); *Blanchard v. United States,* No. CV–S–01–1083–KJD (RJJ), Order (# 16) dated July 31, 2002, at 5–7; *Haas v. United States,* No. CV–S–01–0905–KJD (RJJ), Order (# 11) dated July 24, 2002, at 5–7.

 Plaintiff additionally argues that the IRS's determination should be set aside because he was prohibited from recording the hearing, in violation of 26 U.S.C. § 7521. However, § 7521, which allows taxpayers to make an audio recording in connection with any in-person interview, is inapplicable to § 6330, which refers to a hearing, not an interview. *See* 26 U.S.C. § 6330. Furthermore, Collection Due Process hearings are supposed to be informal and there is no requirement that the hearings be recorded. *See Rennie v. IRS,* 216 F.Supp.2d 1078, 1079 n. 1 (E.D.Cal.2002).

### III. Conclusion

The Defendant properly followed the requirements of all applicable laws and ad-

ministrative procedures when assessing the frivolous return penalty and then determining the collection action would be appropriate. Additionally, the Plaintiff's arguments raised in his compliant and opposition to Defendant's motion are purely meritless, such that had the Defendant moved for Rule 11 Sanctions this Court would have freely granted them.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (# 8) is **GRANTED**.