**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JEFFERSON KENNER, | No. 10-16777 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00165-HDM-RAM |
| v. | |
| CORRECTIONAL OFFICER VIDAURRI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Nevada state prisoner James Jefferson Kenner appeals pro se from the

district court's dismissal order and summary judgment in his 42 U.S.C. § 1983

action alleging due process violations and denial of adequate medical care.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000), and the entry of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Kenner's damages claims against defendants in their official capacities because state officials acting in their official capacities are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The district court properly granted summary judgment on Kenner's due process claim because he failed to raise a genuine dispute of material fact as to whether his brief placement in administrative segregation for safety reasons raised a liberty interest warranting due process protections. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (administrative segregation by itself does not implicate a protected liberty interest because it does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). The district court also properly concluded that, in any event, Kenner received all the process he was due because prison officials held a classification hearing within a few days of Kenner's placement in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 462 (1983), *abrogated in part on other grounds by Sandin*,

515 U.S. at 480-84.

The district court properly granted summary judgment on Kenner's deliberate indifference claim because he failed to raise a triable dispute as to whether he faced a serious health risk from exposure to second-hand smoke. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (setting forth evidence needed to prevail on claim of deliberate indifference based on second-hand smoke exposure). The district court also properly determined that, even if Kenner had been exposed to unreasonably high levels of second-hand smoke, he failed to raise a triable dispute as to whether defendants knew of or consciously disregarded such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 836-37, 847 (1994) (officials must be aware of and disregard a risk to the inmate's health or safety).

Kenner's remaining contentions are unpersuasive.

**AFFIRMED.**