FILED

**NOT FOR PUBLICATION**

JUL 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS RUBEN ELLINGTON, | No. 10-17507 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00666-RSL-JLW |
| v. | |
| D. L. RUNNELS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Robert S. Lasnik, District Judge, Presiding

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Marcus Ruben Ellington, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal for failure to state a claim, *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000), and the entry of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Ellington's Americans with Disabilities Act ("ADA") claims because the claims were based on inadequate treatment. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court properly granted summary judgment on Ellington's deliberate indifference claims because Ellington failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his medical and mental health needs. *See Toguchi*, 391 F.3d at 1057-58 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence and a mere difference in medical opinion are insufficient).

The district court properly granted summary judgment on Ellington's retaliation claim because Ellington failed to raise a genuine dispute as to whether defendants solicited inmates to assault him or whether the assault was "because of" Ellington's engagement in protected activity. *See Rhodes v. Robinson*, 408 F.3d

559, 567 (9th Cir. 2005) (to establish retaliation, prisoner must demonstrate that the adverse action was taken because of the prisoner's protected activity).

The district court properly granted summary judgment on Ellington's failure to protect claim because Ellington failed to raise a genuine dispute as to whether defendants were deliberately indifferent to a substantial risk when they housed him with a Crip-affiliated inmate. *See Farmer v. Brennan*, 511 U.S. 825, 837, 843-44 (1994) (a prison official is not liable for failing to protect one inmate from another unless the prisoner shows that he was housed under conditions that posed a substantial risk of serious harm, and that the prison official acted with deliberate indifference to the prisoner's safety).

We decline to consider arguments that were not raised in the opening brief or before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Ellington's remaining contentions are unpersuasive.

**AFFIRMED.**