**Dana PANKEY, Plaintiff–Appellant,**

v.

**CITY OF BAKERSFIELD,**
**Defendant–Appellee.**

No. 99–17360.

D.C. No. CV–94–06143–REC/DLB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided March 12, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

MEMORANDUM *

Dana Pankey sued the City of Bakersfield for breach of oral contract in connection with a failed HUD-funded rehabilitation project. Following a bench trial, the district court found the City liable for breach of contract but found that Pankey was not entitled to damages. Pankey appeals the decision to award no damages.

Pankey's appeal is fundamentally misconceived. He asserts error regarding the percentage of lost profits to which he is entitled, but he does not assert error in the district court's finding that the total lost profits were zero. Because he does not assert these challenges in his opening brief, he has waived these claims. *See Shwarz v. United States*, 234 F.3d 428, 434 n. 4 (9th Cir.2000). Regardless of whether he prevails on the issues he appeals, therefore, Pankey is entitled to no recovery on the challenges he makes.

■ Pankey first challenges the district court's decision to consider evidence on the issue of who owned the motel. A trial court may amend the pre-trial order to prevent manifest injustice. Fed. R.Civ.P. 16(e). Its decision to grant a motion to amend the pre-trial order is reviewed for an abuse of discretion. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985). "[A] pretrial order may be amended informally by a trial court's findings when facts supporting those findings were put before the court." *Id.* at 368.

■ Although Pankey was moderately prejudiced by the introduction of this issue after the trial ended, we conclude that the district court's decision to entertain this issue was not an abuse of discretion. The ownership issue went directly to the City's liability in damages to Pankey. Thus, the trial court properly could have concluded that manifest injustice to the City would have resulted had the issue not been addressed.

■ Pankey next asserts that he was entitled to 83% of the damages based on his ownership interest in the motel. We cannot reverse a district court's erroneous finding unless it "affect[s] the substantial rights of the parties." 28 U.S.C. § 2111. *See also Phoenix Eng'g & Supply Inc. v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1142 (9th Cir.1997). Even if the district court erred in finding that Pankey was entitled to some percentage less than 83% of the lost profits, he would still be entitled to no damages under the district court's findings that the motel would have made no profits in the first year of its operation and the sale of the motel cut off Pankey's rights to any further lost profits. Any error the district court may have made in its findings regarding Pankey's percentage of ownership was, therefore, harmless error.

The remaining errors pressed on appeal, which all deal with the percentage of damages to which Pankey is entitled, do not offer him any relief given his failure to challenge the district court's ruling on damages.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.