**Thomas O'BRIEN, Plaintiff— Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 02–16587.

D.C. No. CV–97–00256–DWH (RAM).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Decided Aug. 21, 2003.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## MEMORANDUM**

Plaintiff Thomas O'Brien filed suit against the United States and amended his complaint once. The district court dismissed the case, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the amended complaint failed to state a claim on which relief can be granted. We reverse and remand.

Plaintiff alleges, in essence, that agents of the Internal Revenue Service incorrectly suspected him of laundering drug money; threatened him with criminal prosecution if he did not confess to laundering drug money and pay taxes that, in fact, he did not owe; and falsely told his employer that he was laundering drug money, on which he was not paying taxes, causing him to lose promotions that he deserved. According to the amended complaint, Plaintiff did not pay the additional taxes that the IRS agents had wrongly tried to exact. For present purposes we must take as true all the allegations of the amended complaint. *Cooper v. Pickett,* 137 F.3d 616, 623 (9th Cir.1997).

Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by further amendment. *See Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991) (holding that the district court erred in refusing to allow the plaintiffs to file a third amended complaint in which they sought to add a state-law statutory claim, even though all other claims in the action were properly dismissed). On de novo review, *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir.2003), we conclude that the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court erred by dismissing the action, because Plaintiff can state a claim under 26 U.S.C. § 7431.

Section 7431 waives the sovereign immunity of the United States with respect to (among other things) the disclosure of any "return information with respect to a taxpayer in violation of any provision of section 6103." The allegations of the amended complaint would allow Plaintiff to prove that the allegedly disclosed information was "return information," that the alleged disclosure violated 26 U.S.C. § 6103, and that the disclosure to his employer occurred outside the collection attempts.

■ The district court correctly held that Plaintiff cannot state a claim under 26 U.S.C. § 7433, because he has not alleged and, we think, cannot allege that he suffered "actual, direct economic damages ... as a proximate result" of the IRS agents' conduct. *Id.* at § 7433(b)(1). By contrast, however, the damages provision of § 7431(c)(B)(i) does not contain the terms "direct" and "proximate." Plaintiff could have amended his complaint to cite this statute as a basis of relief on the facts he had pleaded.[1] The complaint could therefore have been saved by further amendment, and the district court erred by not allowing Plaintiff an opportunity to so amend.

REVERSED and REMANDED for further proceedings consistent with this disposition.

---

1. Such a claim would require Plaintiff to abandon his theory that the IRS agents disclosed his return information in the course of attempting to collect taxes. *See Shwarz v. United States*, 234 F.3d 428, 433–34 (9th Cir. 2000) ("[Section] 7433's exclusivity provision bars ... § 7431 claim[s] for unauthorized disclosures of tax return information [where] the alleged disclosures occurred in the course of tax collection activity.") The agents' recognition that disclosure to Plaintiff's employer could have adverse effects on him–and perhaps pressure him–would not *necessarily* mean that such disclosures "occurred in the course of tax collection activity."