**Alan Dino PARENTI, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 04–35030.

D.C. No. CV–03–05457–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

Alan Dino Parenti, Carlsborg, WA, pro se.

Robert L. Baker, Esq., Charles Bricken, Esq., U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Alan Dino Parenti appeals the decision of the District Court dismissing for lack of subject matter jurisdiction his complaint under 26 U.S.C. § 7433 seeking damages from the United States for allegedly improper income tax collection activities. We affirm.

Parenti's claim for damages is barred first because he has failed to show that the United States has waived its sovereign immunity from suit. Parenti cannot use 26 U.S.C. § 7433 (which authorizes suits against the United States for tax collection misconduct) in order to challenge the IRS determination that Parenti is liable for federal income taxes for 1994. *See Miller v. United States,* 66 F.3d 220, 222–23 (9th Cir.1995) (section 7433 does not provide for challenges to the determination of a taxpayer's liabilities).

Jurisdiction under section 7433 is also lacking over Parenti's allegation that IRS agents committed misconduct by making an untimely assessment of his federal income taxes for 1994, because Parenti did not establish that the IRS acted intention-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ally, recklessly or negligently in tax collection activities, *Shwarz v. United States,* 234 F.3d 428, 434 & n. 5 (9th Cir.2000), nor was the assessment time-barred under the statute of limitations.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.