FILED

**NOT FOR PUBLICATION**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON SMITH, | No. 10-55170 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-04502-DSF-PLA |
| v. | |
| YARBOROUGH; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| BROWN, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 10, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

California state prisoner Jason Smith appeals pro se from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000) (dismissal for failure to state a claim). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Smith's claim that defendant Rouston placed Smith on an exercise yard with deliberate indifference to his safety because Smith failed to allege that he was physically injured. *See* 42 U.S.C. § 1997e(e) (barring damages claims for mental or emotional injury without a prior showing of physical injury).

The district court properly dismissed Smith's claim that defendants Walton and Rouston violated his due process rights in his disciplinary hearing because, even assuming the existence of a protected liberty interest, procedural safeguards were met and "some evidence" supported the prison disciplinary decisions. *See Cato v. Rushen*, 824 F.2d 703, 704 (9th Cir. 1987) (prison disciplinary board findings resulting in loss of protected liberty interest must be supported by "some evidence in the record" (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985))); *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (setting forth due

2

process requirements in prison disciplinary proceedings).

The district court properly granted summary judgment as to Smith's conditions of confinement claim against defendant Moore because Smith failed to raise a genuine dispute of material fact demonstrating that he suffered extreme deprivations constituting an Eighth Amendment violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (to rise to the level of a constitutional violation, conditions of confinement claims require "extreme deprivations").

The district court properly granted summary judgment on Smith's excessive force claim against defendant Mason because Smith failed to raise a genuine dispute of material fact as to whether Mason acted maliciously or sadistically to cause harm when handcuffing him and removing him from his cell. *See Hudson*, 503 U.S. at 6-7 (core judicial inquiry in determining excessive physical force in violation of Eighth Amendment is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm).

The district court properly granted summary judgment on Smith's Eighth Amendment claim against Griffith, Rice, Ruiz, Rouston, and Yarborough (in part) regarding denial of outdoor exercise because Smith failed to demonstrate a genuine dispute of material fact as to whether these defendants personally knew of and consciously disregarded an excessive risk to Smith's health or safety. *See Farmer*

3

*v. Brennan*, 511 U.S. 825, 834-35 (1994) (Eighth Amendment claim requires prison official to have a sufficiently culpable state of mind); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Smith's remaining contentions, including allegations of bias by the district court, an allegedly improper response to a jury question, and improper denial of his motion for an extension, are unpersuasive.

We consider neither matters raised for the first time on appeal nor matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Smith's pending request for judicial notice is denied as unnecessary.

**AFFIRMED.**