Mark BILIACK, M.D., Plaintiff,

v.

PAUL REVERE LIFE INSURANCE COMPANY, et al., Defendants.

No. CV–16–03631–PHX–DJH

United States District Court, D. Arizona.

Signed 08/24/2017

Filed 08/25/2017

Anita Rosenthal, Sander Ruggill Dawson, Steven C. Dawson, Dawson & Rosenthal PC, Sedona, AZ, Scott Edward Davis, Scott E. Davis PC, Scott M. Harris, Scott M. Harris PC, Scottsdale, AZ, Jeffrey K. Rubin, Seattle, WA, Richard H. Friedman, Bremerton, WA, for Plaintiff.

Alicyn Marie Freeman, James R. Broening, Broening Oberg Woods & Wilson PC, Phoenix, AZ, Charles A. Danaher, Peter H. Klee, Sheppard Mullin Richter & Hampton LLC, San Diego, CA, Theona Zhordania, Sheppard Mullin Richter & Hampton LLP, Los Angeles, CA, for Defendants.

## ORDER

Honorable Diane J. Humetewa, United States District Judge

This matter is before the Court on Defendant Philbin's and Defendant Benson's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Dismiss for Failure to State a Claim (Doc. 23). Plaintiff has filed an Opposition to Motion to Dismiss (Doc. 33) and Defendants Philbin and Benson have filed a Reply (Doc. 47).[1]

Also pending is Plaintiff's Motion for Order to File Documents under Seal (Doc. 36), to which no response was filed. In addition, Plaintiff has filed a Motion to Strike Defendants' Objections (Doc. 52). Defendants Philbin and Benson have filed a Response (Doc. 53) and Plaintiff has filed a Reply (Doc. 54).

## I. Background

Plaintiff initiated this action by filing a Complaint (Doc. 1) on October 20, 2016. Plaintiff filed a First Amended Complaint (Doc. 14) on November 23, 2016 and a Second Amended Complaint (Doc. 18) on December 27, 2016. Plaintiff, an anesthesiologist, alleges that he obtained a disability insurance policy from Defendant Paul Revere Insurance Company ("Paul Revere") in January 1993. (Doc. 18 at 5).[2] Plaintiff

---

1. Defendants have requested oral argument. The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

2. The Court's citations to attachments and/or page numbers of filed documents correspond

obtained a second disability insurance policy from Paul Revere in April 1994. (*Id.* at 6). According to Plaintiff, Defendant Unum Group ("Unum") is an insurance holding company that now controls Paul Revere, though it did not at the time Plaintiff's policies were issued. (Doc. 18 at 2).

Due to medical conditions involving his back, legs and hips, Plaintiff submitted claims under his disability policies in July 2015. (Doc. 18 at 7–8). In September 2015, Defendants sought additional time to make a decision on Plaintiff's claims. (Doc. 18 at 8–9). In December 2015, after paying benefits to Plaintiff for a few months under a reservation of rights, Defendants informed Plaintiff that his benefits were not approved beyond December 3, 2015, that there was no support for his claimed restrictions, and that his claims were closed. (Doc. 18 at 9).

Plaintiff alleges that from September to December, 2015, Defendant Dr. Philbin, who is employed by Unum, reviewed Plaintiff's medical records, a field visit report, and surveillance information. (Doc. 18 at 12). Plaintiff alleges that Dr. Philbin's reports to the Unum file handlers minimized the severity of Plaintiff's conditions and focused on findings supporting a denial while ignoring findings that supported Plaintiff's claims. (*Id.*). Plaintiff further alleges Dr. Philbin initiated communications with two of Plaintiff's treating physicians in Arizona. (*Id.* at 13).

Plaintiff also alleges that another physician employed by Unum, Dr. Benson, reviewed Plaintiff's medical records and Dr. Philbin's opinions. (Doc. 18 at 13). Plaintiff alleges Dr. Benson "reviewed the records in a slanted fashion to support her predetermined outcome" in favor of Dr. Philbin's opinion over Plaintiff's treating physicians' opinions. (Doc. 18 at 14).

Plaintiff alleges three causes of action in the Second Amended Complaint. First, he alleges breach of contract against Paul Revere and Unum. Second, he alleges breach of the obligation of good faith and fair dealing against Paul Revere and Unum. Third, he alleges aiding and abetting the tort of insurance bad faith against Drs. Philbin and Benson individually.

## II. Motion to Dismiss

Defendants Drs. Philbin and Benson (hereinafter, the "Physician Defendants") first seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), lack of personal jurisdiction. They argue that their contacts with Arizona are insufficient for the Court to exercise personal jurisdiction over them. Alternatively, the Physician Defendants argue that the Court should dismiss the aiding and abetting claim against them because it fails to state a claim upon which relief can be granted.

Plaintiff argues in response that the standards for personal jurisdiction over the Physician Defendants are satisfied here. Plaintiff further argues that his claim for aiding and abetting against the Physician Defendants states a plausible claim for relief under Arizona law and contains sufficient factual allegations to support the claim.

### A. Personal Jurisdiction

#### 1. Legal Standards

 "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff, however, need only make " 'a prima facie showing of jurisdictional facts to

to the attachment numbers and/or page numbers generated by the district court's electronic filing system, not pre-printed attachment

numbers and page numbers on the original documents.

withstand the motion to dismiss.'" *Id.* (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)). Although the plaintiff cannot simply rest on the allegations in the complaint, uncontroverted allegations are taken as true and conflicts between parties over statements contained in affidavits are to be resolved in favor of the plaintiff. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted).

"Where ... there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.* Arizona's long-arm jurisdictional statute is co-extensive with federal due process requirements; therefore, the analysis of personal jurisdiction under Arizona law and federal due process is the same. *Atkins v. Calypso Systems, Inc.*, No. CV-14-02706-PHX-NVW, 2015 WL 5856881, at *2 (D. Ariz. October 8, 2015). Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, —— U.S. ——, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014) (citations and internal quotations omitted).

"Personal jurisdiction can be either specific or general." *Atkins*, 2015 WL 5856881, at *2. The standard for a court to exercise general personal jurisdiction over a nonresident defendant is exacting and requires that the defendant engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801 (citations and internal quotations omitted). Specific jurisdiction, on the other hand, requires sufficient minimum contacts with

the forum state. *See Walden*, 134 S.Ct. at 1121; *Schwarzenegger*, 374 F.3d at 801–802. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S.Ct. at 1121 (citations and internal quotations omitted). The Ninth Circuit "employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802).

"The first required element of specific jurisdiction, 'purposeful direction,' is satisfied when a defendant (1) commits an intentional act, (2) expressly aimed at the forum, (3) which causes foreseeable harm in the forum." *AMA Multimedia LLC v. Sagan Limited*, No. CV-16-01269-PHX-DGC, 2016 WL 5946051, at *3 (D. Ariz. October 13, 2016) (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011)). This standard, sometimes referred to as the "effects test" does not mean that every foreign act with foreseeable effects in the forum state gives rise to specific jurisdiction. *Id.* "The proper question is not where the plaintiff

experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 134 S.Ct. at 1125.

■■■■ The second required element, whether the claim arises out of or relates to the defendant's forum-related activities, is established "if the plaintiff 'would not have been injured but for' the defendant's conduct directed at the forum." *AMA Multimedia*, 2016 WL 5946051, at *6 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). As to the third element, reasonableness, "[t]he Court must ensure that the exercise of jurisdiction is reasonable—that it comports with 'fair play and substantial justice.'" *Id.* (citing *Panavision*, 141 F.3d at 1322, and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

## 2. Application

■■■ Plaintiff alleges in the Second Amended Complaint that the Physician Defendants knew Plaintiff resided in Arizona, knew he had worked as an anesthesiologist in Arizona, and knew Plaintiff was being treated for his medical conditions in Arizona by Arizona physicians. (Doc. 18 at 4). Plaintiff further alleges the Physician Defendants intentionally and purposefully directed their activities at Plaintiff knowing that he resided in Arizona. (*Id.*). Plaintiff further alleges they caused harm to him knowing he would likely suffer such harm in Arizona. (*Id.*). Plaintiff also alleges that all Defendants "have caused acts to occur in the State of Arizona which have given rise to Plaintiff's claims herein." (*Id.*). Plaintiff argues the Physician Defendants' conduct satisfies the elements of specific personal jurisdiction.

The Physician Defendants argue that their contacts with Arizona are insufficient to confer personal jurisdiction over them. They claim they had no contact with Arizona, and that their only involvement in Plaintiff's claim was reviewing and analyzing Plaintiff's medical records and rendering medical opinions—Dr. Benson in Tennessee and Dr. Philbin in Massachusetts. (Doc. 23 at 12). In addition, with respect to Dr. Philbin, they explain his involvement included speaking to Plaintiff's Arizona treating physicians over the phone. (*Id.*).

Applying the above legal standards, the Court first considers whether the Physician Defendants purposely directed their activities in Arizona. In doing so, the Court applies the "effects test" by determining whether the Physician Defendants committed intentional acts expressly aimed at the forum which caused foreseeable harm in the forum.

Plaintiff sufficiently presents a prima facie showing the Physician Defendants committed intentional acts. Plaintiff contends they "aided and abetted the tort of bad faith by intentionally conducting a biased review of the records created by Plaintiff's Arizona physicians" and then provided "biased and unsubstantiated medical opinions." (Doc. 18 at 19). Plaintiff further contends Defendant Philbin attempted to improperly influence Plaintiff's Arizona treating doctors "by misconstruing and misrepresenting the statements made by" those doctors. (*Id.*). Plaintiff claims that Defendant Benson "falsely claimed that she had applied the fair claim handling standard" which requires providing significant weight to the opinions of Plaintiff's Arizona treating doctors. (*Id.*). Finally, Plaintiff contends the Physician Defendants "further aided and abetted the tort of bad faith by misrepresenting the covert surveillance video taken of Plaintiff in the State of Arizona." (*Id.*). These constitute intentional acts and satisfy the first prong of the effects test.

The Court next considers whether the Physician Defendants' conduct was ex-

pressly aimed at Arizona. The Ninth Circuit has "repeatedly stated that the 'express aiming' requirement is satisfied, and specific jurisdiction exists, when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012). Here, as set forth above, Plaintiff alleges the Physician Defendants intentionally and purposefully directed their activities at Plaintiff knowing that he resided in Arizona, that they caused harm to him knowing he would likely suffer such harm in Arizona, and that they caused acts to occur in the State of Arizona that gave rise to Plaintiff's claims. Those acts included contacting Plaintiff's treating doctors in Arizona to improperly influence them to support Defendants' denial of Plaintiff's disability claims. In addition, Defendant Philbin concedes he urged Defendant Unum to conduct a field visit in Arizona to determine Plaintiff's activity level. The Court finds Defendants' alleged actions to aid and abet the tort of bad faith were expressly aimed at Arizona. The Physician Defendants' initiation of communications with Plaintiff's doctors in Arizona and arrangement of a field visit in Arizona, among their other alleged improper conduct pertaining to their reviews of Plaintiff's medical information, were directed toward someone they knew to be residing in Arizona. *See Atkins*, 2015 WL 5856881, at *6 (holding that the defendants' alleged fraud and other torts "were expressly aimed at Arizona because they arose from communications and other conduct directed toward someone whom [they] knew to be residing in Arizona"). The Court therefore finds this condition is satisfied.

The third prong of the effects test is whether the Physician Defendants' actions caused foreseeable harm in the forum. Plaintiff contends they knew he resided in Arizona and therefore knew that the harm he suffered as a result of their aiding and abetting the bad faith denial of his disability benefits would occur in Arizona. Thus, it was certainly foreseeable that the Physician Defendants' actions would cause harm in Arizona.

Having determined the three prongs of the effects test are satisfied, the Court finds that the first required element of specific jurisdiction, purposeful direction, is therefore satisfied. As set forth above, the second required element of specific jurisdiction, whether the claim arises out of or relates to the defendant's forum-related activities, is established "if the plaintiff 'would not have been injured but for' the defendant's conduct directed at the forum." *AMA Multimedia*, 2016 WL 5946051, at *6 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). The Court finds that Plaintiff's allegations sufficiently establish that but for the Physician Defendants' conduct directed at the forum in the form of contacting Plaintiff's treating doctors to improperly influence them, urging a field visit, and conducting biased medical reviews that they knew would form the basis for denying Plaintiff's claim in Arizona, Plaintiff would not have been injured. The second required element of specific jurisdiction is therefore satisfied.

With respect to the third required element of specific jurisdiction, whether the exercise of personal jurisdiction over the Physician Defendants comports with fair play and substantial justice (i.e., is reasonable), the Court finds that it does. "Where a defendant has purposefully directed his activities at forum residents, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *AMA Multimedia*, 2016 WL 5946051, at *6 (citing *Burger King*, 471 U.S. at 477, 105

S.Ct. 2174). Although there is no evidence in this case about whether the Physician Defendants' work for Defendant Unum has resulted in other contacts with the State of Arizona, it is difficult to see how that would not be true. It is likely, in the Court's view, that in their roles as reviewing physicians, the Physician Defendants have established other contacts with the State of Arizona similar to those established in this case. The Court finds that the extent of the Physician Defendants' other contacts with Arizona is an important factor in deciding whether it is reasonable to exercise personal jurisdiction over them in this matter. *See AMA Multimedia*, 2016 WL 5946051, at *6 (holding that the extent of a defendant's purposeful interjection is a consideration for determining reasonableness). The Court further finds it would not be an unreasonable burden on the Physician Defendants in defending in this forum. Technological advances have made it such that they may never need to travel to Arizona for this case. Their depositions can be taken where they reside and other accommodations can be made as needed. The Court also finds that Arizona has a significant interest in adjudicating this dispute given the significant harm that Plaintiff, an Arizona resident, contends he has suffered as a result of Defendants' actions. The Court finds that this forum would provide the most efficient judicial resolution of the controversy. For these reasons, the Court finds that the exercise of personal jurisdiction over the Physician Defendants comports with fair play and substantial justice, and is reasonable.

The Court therefore finds that the three required elements of specific jurisdiction are satisfied here. As a result, the Court has specific personal jurisdiction over the Physician Defendants. Their request to be dismissed from this action for lack of personal jurisdiction will be denied.

## B. Claim for Aiding and Abetting

 Next, the Physician Defendants argue that the claim against them for aiding and abetting the tort of insurance bad faith should be dismissed for failure to state a claim. They first argue that a claim for aiding and abetting bad faith is not a viable claim because no conclusive Arizona case law exists to support such a claim. Alternatively, they argue that the claim fails on the merits. Specifically, the Physician Defendants contend that Plaintiff has failed to allege they committed tortious acts separate from the underlying acts of bad faith by the primary tortfeasor. They argue that where the acts alleged are the same as those that form the basis for the underling bad faith claim, the aiding and abetting claim fails.

Plaintiff responds that Arizona clearly recognizes claims for aiding and abetting bad faith. Regarding the merits, Plaintiff argues his allegations are sufficient to state a claim. He contends that the allegations sufficiently describe separate tortious conduct in support of the claim for aiding and abetting.

### 1. Legal Standards

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

"The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). The Rule 8(a) notice pleading standard requires Plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks and citation omitted). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955.

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 129 S.Ct. at 1949.

### 2. Application

█ The Court finds no merit to the Physician Defendants' argument that Arizona does not recognize a claim for aiding and abetting the tort of bad faith. Indeed, Judge Campbell of this District addressed this very issue in a recent case. *See Haney v. ACE American Insurance Company*, CV–13–12429–PHX–DGC, 2014 WL 1230503, at *4 (D. Ariz. March 25, 2014). Judge Campbell ruled that the defendant's argument that the insurance adjustor could not "be liable for aiding and abetting bad faith[ ] has been rejected repeatedly by courts in this district." *Id.* (collecting cases). He explained that "[i]t is possible for [an adjustor] to aid and abet [an insurance company] through the actions of a common employee," and that "in Arizona, it is well-established that an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." *Id.* (brackets in original) (citations and internal quotations omitted). Based on this and other decisions in this District (as cited in *Haney*) recognizing a cause of action for aiding and abetting the tort of bad faith, the Court is not persuaded by the Physician Defendants' argument that it is not a recognized cause of action. Moreover, it is of no consequence that the agents at issue in this case are employee physicians as opposed to employee adjustors.

█ Next, the Court addresses the sufficiency of Plaintiff's allegations in this cause of action. Under Arizona law, "[c]laims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Temple v. Hartford Ins. Co. of Midwest*, 40 F.Supp.3d 1156, 1170 (D. Ariz. 2014) (citing *Wells Fargo Bank v. Ariz. Laborers*,

*Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 483, 38 P.3d 12, 23 (Ariz. 2002)). The third element "requires the secondary tortfeasor to have committed a separate tortious act in concert with the primary tortfeasor." *Timmons v. ELCO Administrative Services*, CV–13–00846–PHX–PGR, 2013 WL 5242995, at *2 (D. Ariz. September 17, 2013).

Here, Plaintiff's allegations sufficiently state a claim for aiding and abetting the tort of bad faith. Plaintiff alleges in his first cause of action that the primary tortfeasors, Paul Revere and Unum, breached the obligation of good faith and fair dealing. (Doc. 18 at 16–18). He further alleges the Physician Defendants "knew that Paul Revere and Unum's conduct was a breach of those Defendants' duty of good faith and fair dealing owed to Plaintiff." (Doc. 18 at 19). Plaintiff also alleges that the Physician Defendants took separate action from Paul Revere and Unum to substantially assist Paul Revere and Unum in the achievement of the breach of the duty of good faith and fair dealing. (*Id.*). Specifically, he alleges the Physician Defendants aided and abetted by providing biased and unsubstantiated medial opinions and by misrepresenting Plaintiff's Arizona medical records, among other conduct. This alleged conduct constitutes separate tortious acts from those of the primary tortfeasors. The Court therefore finds that Plaintiff has sufficiently alleged a claim for aiding and abetting the tort of bad faith.

### C. Conclusion Regarding Motion to Dismiss

For the foregoing reasons, the Court has determined it has personal jurisdiction over the Physician Defendants. The Court has also determined that Plaintiff has stated a claim for aiding and abetting the tort of bad faith. The Physician Defendants' motion to dismiss will therefore be denied.

### II. Other Pending Motions

Also pending is Plaintiff's Motion for Order to File Documents under Seal (Doc. 36). The Court construes the Physician Defendants' failure to respond as consent to the granting of the motion. *See* LRCiv 7.2(i) (failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of it summarily). The motion will therefore be granted.

Lastly, Plaintiff has filed a Motion to Strike Defendants' Objections (Doc. 52). In light of the Court's ruling on the motion to dismiss, Plaintiff's motion to strike will be denied as moot. Likewise, the Physician Defendants Request for Alternative Relief (Doc. 53) is also moot.

Accordingly,

**IT IS ORDERED** that the Physician Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Dismiss for Failure to State a Claim (Doc. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to File Documents under Seal (Doc. 36) is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike Defendants' Objections (Doc. 52) and the Physician Defendants Request for Alternative Relief (Doc. 53) are **DENIED** as moot.