**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK W. NELSON; COLETTE RAPP,<br><br>             Plaintiffs-Appellants,<br><br>   v.<br><br>NICHOLAS WEBER, Department of Corrections Officer,<br><br>             Defendant-Appellee. | No.    20-35562<br><br>D.C. No. 3:16-cv-05680-BHS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 4, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Plaintiffs Patrick Nelson and Collette Rapp appeal from a grant of summary

judgment to Defendant Nicholas Weber. At the time of the incident at issue,

Weber was employed by the Washington Department of Corrections, but was

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

serving as a Special Deputy of the United States Marshal Service ("USMS"). Plaintiffs argue that Weber's use of his vehicle and discharge of his firearm in the course of apprehending Plaintiffs constituted excessive force in violation of the Fourth Amendment. The district court held that Weber's actions are shielded by qualified immunity. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's grant of summary judgment. *Brunozzi v. Cable Commc'ns*, *Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

At the outset, we note that the parties dispute whether Weber was acting as a state or federal actor, and therefore whether he had a cause of action under 42 U.S.C. § 1983 (which applies only to state actors) or under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We conclude that we need not resolve this dispute because, regardless whether Weber was acting under color of federal law or state law (and, if he was acting under color of federal law, whether a cause of action for excessive force exists under *Bivens*, *see Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022)), no reasonable juror could find a constitutional violation, *see Shwarz v. United States*, 234 F.3d 428, 434 n.5 (9th Cir. 2000). We assess the reasonableness of an officer's use of force "by looking to the Supreme Court's guidance on the excessive use of force in *Graham v.*

*Connor*, 490 U.S. 386 (1989)." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Weber's use of his vehicle to collide with Plaintiffs' fleeing vehicle to prevent their escape was objectively reasonable under the totality of the circumstances. Nelson was suspected of possessing guns stolen from a firearms store. At the time of the collision, Plaintiffs were actively attempting to flee in their vehicle.

Weber's discharge of his firearm at Nelson after the crash was also objectively reasonable. Weber knew that Nelson was suspected of stealing guns, that local police had reported to USMS that a reliable source observed Nelson in possession of a handgun the day before the shooting, that Nelson had a history of violent crimes and firearms crimes, and that Nelson was attempting to flee the scene in the moments preceding the collision. With these considerations in mind, Weber made a split-second decision to engage Nelson with his firearm. Given the totality of circumstances, Weber's belief was objectively reasonable and he is shielded by qualified immunity with respect to his use of deadly force. *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

Because no reasonable juror could find a constitutional violation, the district court did not err in holding that Weber is entitled to qualified immunity. *See Mattos*, 661 F.3d at 441.

**AFFIRMED.**